UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEITH ANTHONY CATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-504-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON CO. DETENTION CENTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Inmate Keith Anthony Cates is confined at the Madison County Detention Center in Richmond, Kentucky. Cates previously sent a letter to the Court which was docketed as a civil action for administrative purposes. [Record No. 1] However, he did not pay the $350.00 filing fee, nor did he file an application to pay the filing fee in installments under 28 U.S.C. § 1915. In addition, the letter submitted by Cates is insufficient to constitute a civil Complaint, as it only states a desire to file a lawsuit but does not make a request for any particular form of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

Accordingly, by Order dated December 22, 2017, the Court Cates of these deficiencies and provided him with the forms and information needed to both file a Complaint on the Court-approved form and to file a motion to pay the filing fee in installments under 28 U.S.C. § 1915. [Record No. 4] Cates was instructed that, if he wished to pursue this matter, he must complete and file the supplied forms within 28 days. Cates was further warned that this case would be dismissed if he failed to do so. [*Id.*]

-1-

On January 5, 2018, Cates filed a new, handwritten, two-page "Complaint" [Record No. 6] and a motion to appoint counsel. [Record No. 5] Contrary to the Court's clear instructions, the new Complaint was not filed on the Court-supplied forms, nor does it provide the information requested by those forms. In addition, Cates has still failed to pay the $350.00 filing fee and the $50.00 administrative fee, nor has he filed a motion to pay the filing fee in installments, as previously directed. As a result the Court will dismiss the action, without prejudice, for want of prosecution and for failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b); *Palasty v. Hawk*, 15 F. App'x 197, 199-200 (6th Cir. 2001).

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal."). In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed trial courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the matter would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March

21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Cates failed to comply with the Court's Order directing him to file his complaint on a court-supplied form and to either pay the filing fee or file a motion to pay the filing fee in installments, despite a clear warning that his failure to do so would result in dismissal. With respect to the fourth factor, Cates's incarceration makes the imposition of lesser sanctions, such as monetary or other penalties, difficult or impracticable. Thus, evaluating all of these factors, the Court concludes that dismissal of plaintiff's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is hereby

**ORDERED** as follows:

1.      Cates's Complaint [Record Nos. 1, 6] is **DISMISSED** without prejudice for failure to prosecute and for failure to comply with an Order of the Court.

2.      All pending motions or requests for relief in this case, including Cates's motion to appoint counsel [Record No. 5], are **DENIED** as moot.

3.      This civil action is **DISMISED** and **STRICKEN** from the Court's docket.

This 25th day of January, 2018.



Signed By:

*Danny C. Reeves*

United States District Judge